IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00542-WJM-KLM

STATE FARM MUTUAL AUTO INSURANCE COMPANY,

     Plaintiff,

v.

MICHAEL LOWTHER,
JESTUS C. WADE, and
ENERGY SERVICES, LLC,

     Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Response and Objection to Court Order and Recommendation of United States Magistrate Judge** [Docket No. 8; Filed May 17, 2012] (the "Initial Motion") and on Plaintiff's **Amended Response and Objection to Court Order and Recommendation of United States Magistrate Judge** [Docket No. 9; Filed May 18, 2012] (the "Amended Motion"). On May 21, 2012, the District Judge entered an Order [#10] construing Plaintiff's filings as motions for reconsideration as opposed to objections addressed to the District Judge. Subsequently, the Motions were referred to the undersigned [#11]. In the Motions, Plaintiff asks the Court to reconsider its recommendation of dismissal and for an extension of time in which to serve all Defendants.

     On May 1, 2012, the Court issued an Order to Show Cause [#6] directing Plaintiff to show cause as to why this Court should not recommend that the case against all three

Defendants be dismissed for failure to timely serve Defendants in compliance with the Referral Order entered by the District Judge on March 5, 2012.  Pursuant to District Judge Martínez' Order entered March 5, 2012 [#4], Plaintiff had been directed to effect service of the summons and complaint no later than 30 days from the date of the Order, which was April 4, 2012.  As of May 17, 2012, Plaintiff had not responded to the Order to Show Cause, nor was there any indication on the docket that service had been effected.  On that date, the Court issued an Order and Recommendation [#7], recommending that the case be dismissed for failure to comply with the District Judge's Order and for failure to prosecute.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following:  "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

First, Plaintiff presents no argument in either the Motion regarding "an intervening change in the controlling law," "new evidence previously unavailable," or "clear error" on the part of the Court.  *Brumark Corp.*, 57 F.3d at 944.  Rather, Plaintiff, in essence, seeks to have the Court's Order and Recommendation modified to "prevent manifest injustice." *Brumark Corp.*, 57 F.3d at 944.  In support, Plaintiff states that, due to an intra-office clerical error, its counsel never received either the District Judge's March 5, 2012 Order setting a service deadline or the Court's May 1, 2012 Order to Show Cause.  Plaintiff

-2-

apologizes profusely to the Court and pleads that it would "never intentionally ignore or waste the time of the Court regarding a matter." *Initial Motion* [#8] at 1.  It also states that "[e]fforts are being made within [counsel's] firm to remedy this undiscovered glitch so that it will not happen again." *Ex. A to Initial Motion, Aff. of Marc R. Levy* [#8-1] at 2.  Finally, Plaintiff outlines the steps it has so far taken to serve Defendants within the timing restrictions of Fed. R. Civ. P. 4.

Although there is no excuse for failing to take note of multiple Orders issued over the course of two months, the Court finds that it would serve no purpose for the case to be dismissed without prejudice and to have Plaintiff re-file a new lawsuit, as it states that it will if the Recommendation is adopted.  *See Initial Motion* [#8] at 3.  Further, such an outcome would not promote "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.  With these considerations in mind, therefore, the Court grants Plaintiff's request for reconsideration in the interest of preventing injustice.  *See Brumark Corp.*, 57 F.3d at 944.  However, the Court further advises counsel for Plaintiff that failure to comply with future deadlines set in this matter, absent good cause, will not be taken lightly by the Court.

Accordingly,

IT IS HEREBY **ORDERED** that the Initial Motion [#8] is **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that the Amended Motion [#9] is **GRANTED**.   Thus,

IT IS FURTHER **ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 7; Filed May 17, 2012] is **VACATED**.

IT IS FURTHER **ORDERED** that Plaintiff shall file the necessary returns of service

on the docket **no later than May 31, 2012**.

Dated:  May 22, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge